96 CV 6161 (GBD/JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZAKUNDE-ZE HANDBERRY, *et al.,*

Plaintiffs,

-against-

WILLIAM C. THOMPSON, *et al.,*

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF CITY DEFENDANTS' MOTION TO TERMINATE**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for City Defendants*
*100 Church Street*
*New York, NY  10007*

*Of Counsel:  Janice Birnbaum*
*Tel:  (212) 356-2085*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT .................................................................................................... 1

STATEMENT OF FACTS .............................................................................................................. 2

RELEVANT PROCEDURAL HISTORY ..................................................................................... 2

POINT I

      THIS COURT SHOULD TERMINATE THE INJUNCTION ORDER AS TO 16 AND 17 YEAR OLD CLASS MEMBERS AND AS TO DOE ............................................................... 6

          A.    Prospective relief should terminate as to 16 and 17 year old eligible inmates. ................................................................................ 8

          B.    Prospective relief should be terminated as to DOE. ....................................... 10

CONCLUSION .............................................................................................................................. 12

## TABLE OF AUTHORITIES

**Cases**                                                                                                       **Pages**

*Benjamin v. Jacobson*,
   172 F.3d 144 (2d Cir. 1999)..................................................................................6, 7

*Benjamin v. Kerik*,
   102 F. Supp. 2d 157 (S.D.N.Y. 2000)....................................................................6, 7

*Cagle v. Hutto*,
   177 F.3d 253 (5th Cir. 1999) ......................................................................................7

*Gilmore v. California*,
   220 F.3d 987 (9th Cir. 2020) .....................................................................................7

*Handberry v. Thompson,*
   219 F.Supp.2d 525 (S.D.N.Y. 2002),
   *aff'd in part, vacated in part and remanded in part,*
   446 F.3d 335 (2d Cir. 2006).............................................................................3, 4, 7

*Miller v. French*,
   530 U.S. 327 (2000)....................................................................................................6

*Woodford v. Ngo*,
   548 U.S. 81 (2006)......................................................................................................6

**Statutes**

8 NYCRR 118.1..............................................................................................................2

8 NYCRR 118.3(a) .........................................................................................................2

8 NYCRR 118.5..............................................................................................................2

8 NYCRR Part 118 .........................................................................................................1

9 NYCRR 7070(2)(a)(1) .................................................................................................2

9 NYCRR 7070.1............................................................................................................2

9 NYCRR 7070.2(a)(2)...................................................................................................2

9 NYCRR 7070.2(a)(3)...................................................................................................2

9 NYCRR 7070.4(b)(1) ..................................................................................................2

9 NYCRR 7070.4(g) .......................................................................................................2

9 NYCRR Part 7070 .......................................................................................................1

| **Statutes** | **Pages** |
|---|---|
| 18 U.S.C. § 3626 | 1, 6 |
| 18 U.S.C. § 3626(a)(1)(A) | 4, 6 |
| 18 U.S.C. § 3626(b) | 7, 8 |
| 18 U.S.C. § 3626(b)(1)(A)(i) | 7 |
| 18 U.S.C. § 3626(b)(3) | 7 |
| 18 U.S.C. § 3626(b)(4) | 7 |
| 20 U.S.C. § 1400, *et seq.* | 1 |
| 20 U.S.C. § 1414(d) | 5 |
| 34 C.F.R. § 300.324 | 5 |
| N.Y. Correction Law § 500-p | 3 |
| N.Y. Education Law § 3202(7) | 1, 2 |
| N.Y. Education Law § 3202(7)(a) | 2 |

**Other Authorities**

*Third Report on the Status of Education Services for Youth Aged 16-21 at Rikers Island* ("Third Report") ............ 1, 5

**PRELIMINARY STATEMENT**

This 22-year old class action concerns the provision of educational services by the New York City Department of Education ("DOE") to "eligible inmates" who are incarcerated at jails operated by the New York City Department of Correction ("DOC"). The parameters defining who is and is not an "eligible inmate" and the education services to be offered are set forth in state law (N.Y. Education Law § 3202(7); 8 NYCRR Part 118, 9 NYCRR Part 7070). In addition, the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA") has application to eligible inmates who are "students with disabilities" as defined by the IDEA.

In 2014, upon the joint recommendation of the parties, this court appointed Dr. Peter Leone, Ph.D., as a special master to investigate the facts, since the Court had no current facts – let alone facts of an ongoing violation of the federal rights of the class – a necessary predicate for entry of an order or prospective relief under 18 U.S.C. § 3626 of the Prison Litigation Reform Act ("PLRA"). In March 2016, the Court entered the current Injunction governing this case – a three-page Order with five substantive paragraphs -- and re-appointed Dr. Leone as the special master to monitor compliance with the five substantive paragraphs (the "Monitoring Order"). That order expired in March 2018.

In July 2018, Dr. Leone issued his final monitoring report entitled *Third Report on the Status of Education Services for Youth Aged 16-21 at Rikers Island* (the *Third Report*), finding among other things that DOE and DOC are substantially compliant in regard to eligible inmates who are 16 and 17 years old and that DOE is substantially compliant with its obligations with respect to older inmates as well. In light of that report, the Monitoring Order, and the PLRA, DOC and DOE now move to terminate prospective relief as to (a) eligible inmates who are 16 and 17 years old, and (b) the DOE also moves to terminate prospective relief as to eligible inmates who are 18-21 years old. There is no evidence of any current violation of federal rights

for 16-17 year old eligible inmates such that either defendant should remain under court supervision. The Special Master has repeatedly found that DOE is in substantial compliance with its obligations under the Monitoring Order with respect to 18-21 year olds as well. Accordingly, it has come time for the court's jurisdiction to cease as to DOE and as to adolescent eligible inmates.

## STATEMENT OF FACTS

The facts relevant to this motion to partially terminate are set forth in Dr. Leone's Third Report issued in July 2018. It concerns the educational services made available to eligible inmates between the ages of 16-21 years by the DOE in jails operated by the DOC during the second half of the 2017-2018 school year.

## RELEVANT PROCEDURAL HISTORY

This class action was filed on August 21, 1996. It concerns the provision of educational services under N.Y. Education Law § 3202(7) by the DOE (formerly known as the New York City Board of Education) to a class of inmates incarcerated at jails operated by DOC. The defendants are DOC, DOE, and certain DOE and DOC officials sued only in their official capacities (the "City Defendants"). The plaintiff class is composed of eligible inmates. An eligible inmate is an inmate who is eligible to receive DOE-provided educational services while incarcerated at a DOC facility, provided he or she meets the following preconditions:

> a. is incarcerated at a correctional facility operated by the New York City Department of Correction ("DOC") (N.Y. Education Law § 3202(7), 8 NYCRR 118.1, 9 NYCRR 7070.1); and
>
> b. has been incarcerated for ten or more calendar days, or in the judgment of the warden of the inmate's facility, is reasonably likely to be incarcerated for ten or more calendar days, plus an additional twelve school days (8 NYCRR 118.1, 118.3(a), 118.5, 9 NYCRR 7070.2(a)(3), 7070.4(b)(1), 7070.4(g)); and
>
> c. has not received a high school diploma or its equivalent (8 NYCRR 118.1, 9 NYCRR 7070.2(a)(2)); and

      d. is under 21 years of age on September 1 of the applicable school year (8 NYCRR 118.1, 9 NYCRR 7070(2)(a)(1)); and

      e. if the inmate is 18-21 years of age, has indicated a desire to receive DOE-provided educational services while incarcerated at a DOC correctional facility (N.Y. Education Law § 3202(7)(a).

*See Handberry v. Thompson,* 219 F.Supp.2d 525, 546 (S.D.N.Y. 2002), *aff'd in part, vacated in part and remanded in part,* 446 F.3d 335 (2d Cir. 2006); *see also,* Declaration of Timothy Lisante dated October 12, 2007 ("Lisante Decl."), Ex. A (Education Plan) at 2 (Docket #172).

Eligible inmates who are 16 and 17 years old are considered adolescents. They have been housed together at Rikers Island jails and receive DOE-provided educational services at East River Academy ("ERA"), the DOE's educational program on Rikers Island. By October 1, 2018, they will all be transferred to special juvenile detention facilities ("SJDFs") pursuant to N.Y. Correction Law § 500-p, otherwise known as the "Raise the Age" law. An eligible inmate who is between 18 to 21 years of age is a young adult eligible inmate. Such inmates will continue to be housed on Rikers Island and may elect to attend DOE-provided educational services at ERA while incarcerated. As a legal matter, they do not have to register for school, and even if registered, they do not have to attend.

On August 29, 2002, the District Court entered a 50-paragraph injunction entitled "Order Amending the City Defendants' *Education Plan*" (*Handberry,* 219 F.Supp.2d at 546-51), which City Defendants appealed. *Handberry,* 446 F.3d at 338-9. Of the fifty injunctive paragraphs, five concern procedural or housekeeping matters and forty-five are substantive.[1] In April 2006,

---

[1] The five non-substantive injunction paragraphs are ¶¶1, 2, 48, 49 and 50.

following panel rehearing, the Second Circuit issued its amended opinion and mandate,[2] in which it vacated twenty-three Injunctive paragraphs without remand,[3] affirmed thirteen paragraphs that appeared to be based primarily on federal statutory law,[4] and vacated and remanded nine paragraphs[5] "with instructions that the district court determine which, if any, of the remanded paragraphs of the injunction are 'necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs,' 18 U.S.C. §3626(a)(1)(A), and limit the injunction thereto." *Handberry,* 446 F.3d at 356.

Between 2006-2013, little of substantive import occurred in the case. In October 2013, the case was referred back to Magistrate Judge Francis for non-dispositive purposes (Docket #185). By order dated June 10, 2014 (Docket #203; "Appointing Order"), Magistrate Francis appointed Dr. Peter Leone as the special master, "to collect and evaluate facts relating to the provision of educational services to DOC inmates between the ages of 16 and 21 insofar as those facts will assist the Court in modifying the Injunction in accord with the mandate of the Second Circuit" and ordered "the Special Master [to] report on the [listed] issues, with particular reference to the paragraphs of the Injunction that address them." *Id.* at 3-4. During the 2014 fall semester, Dr. Leone conducted five days of site visits at East River Academy ("ERA"), DOE's educational program on Rikers Island. Report at 3-4.

---

[2] The Circuit's opinion references IDEA 1997 and its superseded regulations, as that was the law under which the case was originally briefed and argued. IDEA was amended and reauthorized in 2004, and the revised statute took effect on July 1, 2005; new regulations were promulgated in August 2006.

[3] The twenty-three vacated paragraphs are ¶¶3-5, 7, 9-18, 21, 22, 27, 39-43 and 45.

[4] The thirteen affirmed paragraphs are ¶¶6, 8, 19, 24, 26, 28, 31-32, 34, 37, 44, 46 and 47.

[5] The nine vacated and remanded paragraphs are ¶¶20, 23, 25, 29, 30, 33, 35, 36 and 38.

On January 30, 2015, Dr. Leone provided the Court and the parties with a copy of his report entitled *"Ón the Status of Educational Services for Inmates Aged 16-21 at Rikers Island"* (Docket No. 231-4). After motion practice, Magistrate Judge Francis issued a report and recommendation concerning the proposed scope of an amended injunction and future monitoring, which the Court incorporated into its Order dated March 31, 2016 (the "Injunction Order"; Docket No. 250), is the operative order with respect to prospective relief in this case. It contains the following five substantive provisions:

Provision of Educational Services

1. All eligible inmates shall be provided a minimum of 3 hours of educational services every school day.

2. Placement in a restricted housing unit does not change an eligible inmate's entitlement to educational services under any provision of this Order.

3. Unless stated explicitly to the contrary, any and all requirements set forth in this Order shall apply to all of the schools, educational programs, and methods of instruction operated by DOE in DOC facilities.

4. DOC shall ensure that each eligible inmate is provided access to educational services consistent with this Order in a timely manner, including if necessary providing escorts for travel to and from his or her place of educational instruction.

Special Education Services

5. Inmates who are disabled and identified as in need of special education or related services shall receive such services, including when placed in a restricted housing unit or method of instruction. If necessary, an Individualized Education Plan ("IEP") or Special Education Plan ("SEP") may be modified in accordance with 20 U.S.C. § 1414(d) and 34 C.F.R. § 300.324, consistent with legitimate penal objectives. In the event this occurs, such modifications shall be the least restrictive necessary to accommodate the security needs of the jail.

The Court also re-appointed Dr. Leone as the special master for a two-year term, which expired on March 31, 2018. By the so-ordered agreement of the parties, Dr. Leone provided his monitoring report for the 2017-18 school year entitled *Third Report on the Status of Education*

*Services for Youth Aged 16-21 at Rikers Island* ("Third Report") at the end of June 2018, which he revised in early July 2018 ("Third Report").

In that report Dr. Leone found the Defendants in substantial compliance with all of the Injunction Order paragraphs for 16 and 17 year old eligible inmates (as he had in his earlier monitoring reports during the past two years). No violation of the federal rights of these class members was found. He also found DOE in substantial compliance with its obligations for 18-21 year olds. Accordingly, all Defendants now move for partial termination of prospective relief under the Injunction Order as to 16 and 17 year old eligible inmates and as to DOE with repect to 18-21 year olds.

## POINT I

### THIS COURT SHOULD TERMINATE THE INJUNCTION ORDER AS TO 16 AND 17 YEAR OLD CLASS MEMBERS AND AS TO DOE WITH RESPECT TO 18-21 YEAR OLDS

Enacted April 26, 1996, the Prison Litigation Reform Act of 1995 ("PLRA"), 18 U.S.C. § 3626, "attempts to eliminate unwarranted federal-court interference with the administration of prisons." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see, e.g., Benjamin v. Jacobson*, 172 F.3d 144, 158 (2d Cir. 1999) (noting the PLRA's goal "of relieving governmental entities of judicially ordered burdens that 'extend . . . further than necessary' to remedy a federal violation" (*quoting* 18 U.S.C. § 3626(a)(1)(A)); *Benjamin v. Kerik*, 102 F. Supp. 2d 157, 161 (S.D.N.Y. 2000) ("The Act was intended to curtail what Congress perceived to be the over involvement of federal courts in managing state prison systems pursuant to remedial orders and consent decrees"). The PLRA limits the prospective relief that can be ordered or approved by a court with respect to prison conditions, providing that such relief cannot be granted "unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right,

6

and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A); *see, e.g., Miller v. French*, 530 U.S. 327, 347 (2000) ("The PLRA has restricted courts' authority to issue and enforce prospective relief concerning prison conditions, requiring that such relief be supported by findings and precisely tailored to what is needed to remedy the violation of a federal right"). In making such findings, courts must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." § 3626(a)(1)(A).

To avoid termination of prospective relief as to adolescent eligible inmates, plaintiffs must demonstrate current and ongoing actual violation, on a system-wide basis, of the federal right(s) of these plaintiffs. 18 U.S.C. §3626(b); *Handberry,* 446 F.3d at 356; *Benjamin v. Kerik,* 102 F.Supp.2d 157, 163, 168, 171 (S.D.N.Y. 2000); *see also, Benjamin v. Jacobson,* 172 F.3d 144, 166 (2d Cir. 1999) (*en banc*). To avoid dismissal of DOE entirely from this lawsuit, plaintiffs must show that DOE is not in substantial compliance with its Injunction Order obligations.

The Court's inquiry of "current conditions" is based on the conditions as of the date that termination is sought. *Gilmore v. California,* 220 F.3d 987, 1010 (9th Cir. 2020); *Benjamin v. Jacobson,* 172 F.3d 144, 166 (2d Cir. 1999) ("evidence presented at a prior time . . . could not show a violation that is 'current and ongoing.' Hence, the 'record' referred to [in § 3626(b)(3)] cannot mean the prior record but must mean a record reflecting conditions as of the time termination is sought.")

The PLRA sets a presumptive two-year limit on the length of time prospective relief should remain in effect, *see* § 3626(b)(1)(A)(i), while providing that parties can also seek to modify or terminate such relief before the two-year period ends, *see* § 3626(b)(4). If a motion to

7

terminate prospective relief is made, the injunctive provisions concerning such relief and the court's jurisdiction as to such relief must terminate unless "the court makes written findings based on the record that prospective relief remains necessary to correct a current and ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right, and . . . is narrowly drawn and the least intrusive means to correct the violation." § 3626(b).

A.     **Prospective relief should terminate as to 16 and 17 year old eligible inmates.**

The Special Master has repeatedly found the Defendants substantially compliant with all five substantive provisions of the Injunction Order (paragraphs 1-5) as applied to 16 and 17 year old eligible inmates. Third Report, p.2, 4, 8, 11, 13-15. Paragraph 1 of the Injunction Order requires eligible inmates to be provided with a minimum of three of hours of educational services each school day, and paragraph 2 states that placement in a restricted housing unit ("RHU") does not change an eligible inmate's entitlement to educational services under any provision of the Injunction Order. As to these two paragraphs, the Special Master found that apart from excused absences, 16 and 17 year olds, (all of whom are compulsory education students), receive an average of five hours of educational services each school day (*id.* at 2, 4), including those placed in restrictive housing units (*id.* at 8). Thus the Defendants are in substantial compliance with Injunction Order paragraphs 1 and 2 for adolescent eligible inmates.

The Special Master also found that the Defendants were in substantial compliance concerning paragraph 3 of the Injunction Order. It provides that all requirements of the Injunction Order apply to all schools, educational programs and methods of instruction operated by DOE in DOC facilities. In his Third Report, the Special Master detailed the evidence on which he relied to make his findings, noting that he found no systemic problem with Defendants' processes and efforts to ensure that all inmates eligible and interested in attending school are

8

transferred to facilities with educational programs if necessary. He noted that "[b]oth DOC and DOE leadership are well aware of the education rights of inmates and strive to ensure those interested in attending school receive services." *Id.* at 12. Thus Defendants are in substantial compliance with Injunction Order paragraph 3.

Paragraph 4 concerns DOC escorting of eligible inmates to school. Since Dr. Leone found that 16 and 17 year olds receive an average of five hours of educational services each school day, the Defendants are in substantial compliance with this provision for adolescent inmates. *Id.* at 2, 4, 8, 13. However, defendants acknowledge that the Special Master found that delays in bringing 18-21 year olds in RHU to class sometimes resulted in attendance for less than 3 hours a day for this group. Accordingly DOC does not move to terminate the Injunction Order with respect to 18-21 year olds.

Paragraph 5 requires DOE to provide special education and/or related services to students who are disabled and identified as in need of such services (including those in restrictive housing units), and in accordance with students' Special Education Plans (or Individualized Education Plans if they are being implemented at ERA), and that any modifications to the plans be consistent with legitimate penal objectives and be the least restrictive necessary to accommodate the security needs of the jail. In his Third Report, the Special Master found Substantial Compliance with this provision. The Special Master detailed the review he undertook to reach his conclusions and the work that DOE does in regard to meeting its programmatic and educational obligations, including for 16 and 17 year old inmates, those in RHUs.

Since, with respect to 16-17 year olds, there is substantial compliance with all paragraphs of the Injunction Order, and no finding of systemic classwide violation of the federal rights of adolescent eligible inmates, the PLRA requires that prospective relief be terminated as to them.

For all these reasons, Defendants submit that prospective relief and the Court's jurisdiction should terminate as to 16 and 17 year old eligible inmates.

**B.     Prospective relief should be terminated as to DOE.**

Because DOE is in substantial compliance with paragraphs of the Injunction Order that apply to it, prospective relief should terminate as to it and it should be dismissed from the litigation.

Paragraph 1 requires that a minimum of three hours of education services be provided to eligible inmates each school day.  The evidence adduced by the Special Master shows that DOE has consistently operated school areas on Rikers Island that offer eligible inmates programs that either meet or exceed the 3-hour daily requirement.  ERA offers daily educational programs of five hours for the adolescents (*id*. at 4), and three to over four hours to young adult eligible inmates (*id.* at 4).  ERA is neither responsible for nor empowered to escort students to school. Hence it has met its obligations as to paragraph one, and is in substantial compliance with it.

Paragraph 2 concerns eligible inmates in restricted housing units ("RHUs").  Dr. Leone found substantial compliance with this paragraph for 16 and 17 year olds (*id.* at 8), and noted lengthy delays in getting to class for 18-21 year olds in RHUs.  However, he also noted that the RHU class that he observed at OBCC was staffed by two teachers, dually certified in special education and content areas, and the RHU class at GRVC was staffed with one dually certified teacher.  In addition, he observed DOE-provided counseling services in the RHU class. *Id.* at 9. Finally, although Dr. Leone speculated about whether the RHU school area at GRVC has enough desks, he did not observe any instance in which the number of desks was insufficient to support those who attended school in that setting – and in any event, this falls to DOC.  The staff provided by DOE is more than sufficient to meet its obligations and any hypothetical need. Hence, DOE has met its obligations as to students in RHUs.

Paragraph 3 makes the Injunction Order requirements applicable to all schools, etc. operated by DOE in DOC facilities. The Special Master found Defendants in substantial compliance with this paragraph. As discussed above in regard to adolescent eligible inmates, the Special Master found that eligible inmates housed in jails without DOE services are moved to jails where DOE does provide educational services. For 16 and 17 year olds this is not a problem since they are housed at Rikers Island jails with school areas. Nor is there a systemic problem for 18-21 year old eligible inmates. *Id.* at 12.

Paragraph 4 concerns movement of eligible inmates so that they are provided access to educational services in a timely matter, including through escorts if necessary. This provision falls squarely within DOC's purview alone. *Id.* at 12-13.

Paragraph 5 concerns providing special education services to students with disabilities. This falls to DOE, and the Special Master found DOE in substantial compliance with this paragraph's requirements. Thus, the Special Education Plans ("SEPs") that ERA prepares for students with disabilities were found to be legally sufficient; DOE provides students with disabilities with the special education services on their SEPs; students with disabilities in both general population and in restricted units receive special education services; and the process for identifying students with disabilities and providing them with the special education and related services they need were consistent with the requirements of this provision. Thus, DOE is in substantial compliance with the requirements of paragraph 5 of the Injunction Order.

For all these reasons, the Injunction Order should terminate as to DOE and it should be dismissed as a party from this litigation.

**CONCLUSION**

For all the reasons set forth in this memorandum of law and the Special Master's Third Report, this Court should terminate prospective relief and its jurisdiction over 16 and 17 year old eligible inmates and dismiss DOE as party because it is also meeting its obligations with respect to 10-21 year olds.

Dated:   September 20, 2018
         New York, New York

>                    ZACHARY W. CARTER, ESQ.
>                    CORPORATION COUNSEL FOR THE CITY OF
>                    NEW YORK
>                    Counsel to City Defendants
>                    100 Church St., Room 2-195
>                    New York, NY  10007
>
>
>                    By: ___/s/_____
>                         Janice Birnbaum, Senior Counsel
>                         jbirnbau@law.nyc.gov