UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ZAKUNDA-ZE HANDBERRY, et al.,         :
                                      :
            Plaintiffs,               :   96 Civ. 6161 (GBD)
                                      :
        against                       :
                                      :
WILLIAM C. THOMPSON, JR., et al.,     :
                                      :
            Defendants.               :
                                      :
                                      :
                                      :
                                      :
------------------------------------------------------------------X


**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO CITY DEFENDANTS' MOTION FOR PARTIAL CONFIRMATION OF THE THIRD MONITORING REPORT AND OPPOSITION TO PLAINTIFFS' OBJECTIONS**


Stefen R. Short
Dori A. Lewis
Mary Lynne Werlwas
THE LEGAL AID SOCIETY
PRISONERS' RIGHTS PROJECT
199 Water Street
New York, NY 10038
(212) 577-3530


Roberto Finzi
Daniel M. Stone
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000


*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

                                                                                  **Page**

I.     Preliminary Statement ............................................................................................... 1

II.    The Court Should Continue the March 31, 2016, Remedial Order and Reappoint Dr. Leone as the Court's Monitor and Expert ......................................................... 3

III.   The Court Should Deny City Defendants' Motion to "Confirm" Dr. Leone's Findings .................................................................................................................... 3

IV.   The Court Should Not Adopt Dr. Leone's Findings Without First Affording Plaintiffs an Opportunity to be Heard. .................................................................... 7

         A.     The Court Should Decide *De Novo* Plaintiffs' Outstanding Objections to Dr. Leone's Second and Third Reports ................................................... 8

         B.     After Ruling on Plaintiffs' Objections, the Court should Grant Plaintiffs Discovery and a Hearing, or Resubmit the Third Report to Dr. Leone and Instruct Him to Supplement his Findings to Reflect Current Conditions. ............... 8

V.     Conclusion .............................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Benjamin v. Fraser*,
  343 F.3d 35 (2d Cir. 2003) ...................................................................................... 4, 6, 7

*Gorton v. Todd*,
  793 F. Supp. 2d 1171 (E.D. Cal. 2011) ............................................................................ 5

*Peterson v. Islamic Republic of Iran*,
  No. 10-CV-4589, 2018 WL 3635356 (S.D.N.Y. July 30, 2018) ....................................... 8

*In re Zyprexa*,
  375 F. Supp. 2d 190 (E.D.N.Y. 2005) .............................................................................. 5

**STATUTES**

Prison Litigation Reform Act, 18 U.S.C. § 3626 .................................................................. 4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 53 ..................................................................................................... passim

Fed. R. Evid. 706 ................................................................................................... 4, 5, 6

I.      **Preliminary Statement**

As the Court is well aware, this case concerns the long fight to protect Plaintiffs' right to an education. Following a 2002 finding that the City Defendants were violating Plaintiffs' rights, multiple years of appeals, and court-supervised settlement negotiations, the Court referred the matter to the Honorable James C. Francis IV. *See* Pls.' Mem. in Response to Defs.' Objs. At 2 (Doc. No. 185). In order to facilitate the Second Circuit's mandate to provide Plaintiffs with their education and to ensure that the Court remained apprised of the circumstances in City jails, Judge Francis appointed Dr. Leone to "collect information and report to the Court with respect to the current status of provision of educational services at [Department of Correction] facilities." Order Appointing Special Master ("2014 Order") at 2 (Doc. No. 203). In 2016, this Court issued a clear Order requiring that the City Defendants comply with five specific mandates, and reauthorized Dr. Leone to continue monitoring the status of Plaintiffs' education. Order of March 31, 2016 ("2016 Order"), at 2 (Doc No. 250). This order included, *inter alia*, the requirement that "[a]ll eligible inmates shall be provided a minimum of 3 hours of educational services every school day," and that "[p]lacement in a restricted housing unit does not change an eligible inmate's entitlement to educational services under any provision of this Order." *Id.*

This past fall, the City Defendants moved to partially terminate the injunctive relief and, during the pendency of that motion, the Plaintiffs objected to Dr. Leone's reports. Mot. to Partially Terminate Prospective Relief (Doc. No. 271); Mem. in Supp. of City Defs.' Mot. to Terminate (Doc. No. 272); Pls.' Objs. to Second and Third Monitoring Reports (Doc. No. 284) ("Objs. to Monitoring Reports").[1] After receiving Plaintiffs' opposition to the termination

---

[1] Plaintiffs' Objections were filed in accordance with the Court's scheduling order. *See* Order (Doc. No. 277). Defendants sought additional time to "respond to plaintiffs' objections to Dr. Leone's Second and Third Reports." Order (Doc. No. 292). Days later, they submitted instead this oddly-styled "Motion for Partial Confirmation."

motion, but before responding to Plaintiffs' objections to Dr. Leone's reports, the City Defendants' withdrew the termination motion. Order (Doc. No. 288). The City Defendants' ultimately responded to Plaintiffs' objections on December 18, 2018, while simultaneously requesting that the Court "confirm" parts of Dr. Leone's Reports by improperly casting him as a Rule 53 Special Master.[2]

As detailed below, such a request is inappropriate, a waste of the Court's time, and does nothing to progress this case towards resolution. Instead, Plaintiffs' request that the Court reappoint Dr. Leone and task him with reporting to the court on current compliance with the Court's Remedial Order.[3]

Since Dr. Leone's 2016 reappointment as this Court's expert and monitor, this case's factual landscape has remained in flux. Last year, it grew even more unstable after New York City implemented the laudable "Raise the Age" statute, and shuttered the jail holding many of class members, significantly altering educational programming. Dr. Peter Leone's third monitoring report[4] focuses on conditions prior to these developments, not the current conditions in the new facilities that now house the youngest class members. In addition, Plaintiffs' have identified substantial problems with Dr. Leone's Reports, which have yet to be ruled upon by the Court. Objs. to Monitoring Reports.

Given the scope of the remaining disputes between the parties concerning City Defendants' compliance with the remedial order and the timeliness and accuracy of Dr. Leone's

---

[2] Mot. for Partial Confirmation of the Special Master's Third Report and in Opp'n to Pls.' Objs. (Doc. No. 293); Mem. of Law in Supp. of City Defs.' Mot. for Partial Confirmation of the Special Master's Third Report and in Opp'n to Pls.' Objs. (Doc. No. 294) ("Mot. for Partial Confirmation"); Decl. of Tonya Threadgill in Supp. of City Defs.' Mot. for Partial Confirmation of the Special Master's Third Report and in Opp'n to Pls.' Objs. (Doc. No. 295) ("Threadgill Declaration").
[3] March 31, 2016 Order (Doc. No. 250) (the "2016 Order").
[4] Third Report on the Status of Education Services for Youth Aged 16-21 at Rikers Island (Doc. No. 273-2) ("Third Report").

Reports, even if the Court determines that Dr. Leone is a Rule 53 Special Master, the Court should deny City Defendants' motion and either afford Plaintiffs discovery and an evidentiary hearing to assess the current state of the schools for incarcerated youth, or resubmit the Third Report to Dr. Leone with instructions to supplement his findings based on what are undisputedly new conditions.

## II. The Court Should Continue the March 31, 2016 Remedial Order and Reappoint Dr. Leone as the Court's Monitor and Expert.

The Court should continue the Order and Dr. Leone's monitoring functions because the City Defendants have yet to comply with the Order's terms. Indeed, Dr. Leone's Third Report found continuing violations of the Court's Order for access to school for 18-21 year olds -- findings the City Defendants do not dispute. This conceded lack of compliance alone requires continuing relief and monitoring. In other areas, material disputes persist regarding the accuracy of Dr. Leone's findings concerning the City Defendants' compliance with the remaining portions of the Order and the weight they should be given. Objs. to Monitoring Reports at 5–11. Both these undisputed areas of noncompliance and the areas still in dispute are cause for the Court to reappoint Dr. Leone for an additional term of two years, notwithstanding the staleness of the Third Report. *See infra* Section IV.B.

## III. The Court Should Deny City Defendants' Motion to "Confirm" Dr. Leone's Findings.

The City Defendants' motion to "confirm"[5] portions of Dr. Leone's report is based on a mistaken impression of the procedural posture of this case. Dr. Leone is not a Rule 53 Special Master because, despite the ambiguity of his title, he has not been vested with nor performed

---

[5] City Defendants styled their motion as one for "confirmation" of Dr. Leone's findings. In fact, City Defendants ask the Court to either "adopt" or "affirm" Dr. Leone's findings pursuant to Rule 53's procedure for "action on a master's report." Fed. R. Civ. P. 53(f)(1). For consistency, we use City Defendants' terminology.

3

quasi-judicial functions, but rather has collected and evaluated facts.  This Court appointed Dr. Leone not only pursuant to Rule 53, but also under the Court's inherent authority and as an expert witness under Rule 706 of the Federal Rules of Evidence ("FRE 706").  Neither the Order appointing Dr. Leone nor the 2016 Order reappointing him contemplated that the Court would implement Rule 53's process for action on Dr. Leone's reports.  2014 Order at 2; 2016 Order at 2.  Because Dr. Leone is not a Rule 53 Special Master, his findings are not subject to Rule 53 "confirmation."

The Second Circuit has held that in evaluating the legal status of court-appointed agents, courts must be "guided more by their function than their title."  *Benjamin v. Fraser*, 343 F.3d 35, 47 (2d Cir. 2003) (citing *Juan F. v. Weicker*, 37 F.3d 874, 880 (2d Cir. 1994)), *overruled on other grounds*, *Caiozzo v. Koreman*, 581 F.3d 63 (2d Cir. 2009).  Both the 2014 Order appointing Dr. Leone and the 2016 Order reappointing him refer to him as a monitor, an FRE 706 expert, and a Special Master.  *See* 2014 Order at 2; 2016 Order at 2.  But to determine whether Dr. Leone is *functionally* a Special Master—and thus whether his findings are subject to the Rule 53(f) process—the Court must consider Dr. Leone's role in this litigation and determine whether it aligns with a typical Special Master's functions.  *See Fraser*, 343 F.3d at 45 (holding that a court-appointed monitoring agency was not a Special Master under the Prison Litigation Reform Act because it served a "monitoring" function and did not exercise "quasi-judicial power"); Prison Litigation Reform Act, 18 U.S.C. § 3626(g)(8) (defining a special master as "any person appointed by a Federal Court pursuant to Rule 53 of the Federal Rules of Civil Procedure or pursuant to any inherent power of the court to exercise the powers of the master, regardless of the title or description given by the court.").

The contents of the 2014 Order appointing Dr. Leone and the 2016 Order reappointing him (to say nothing of the reports he has submitted) demonstrate that he functions as a court-appointed monitor or an FRE 706 expert, not a Special Master.  Per Rule 53, any court order appointing an individual under the rule must state that individual's duties, including any investigation or enforcement duties, any limits on the individual's authority, and *any standards for reviewing the master's findings*.  Fed. R. Civ. P. 53(b)(2)(A), (D).  In his original order appointing Dr. Leone, Judge Francis referenced this case's "stale" record and made clear that Dr. Leone's primary role was to supplement and update that record.  2014 Order at 2 (Doc. No. 203).  For the entirety of his first monitoring period, Dr. Leone performed duties typical of an FRE 706 expert, not a Rule 53 Special Master: he exercised an informal advisory and monitoring function, aided the court by collecting evidence to evaluate whether City Defendants were in compliance with the then-existing order, and reported to the Court.  *See Gorton v. Todd*, 793 F. Supp. 2d 1171, 1179–82, 85 (E.D. Cal. 2011) (surveying cases in which District Courts have considered appointing FRE 706 experts and finding that the policy goal of FRE 706 is to promote accurate fact-finding) (citing 29 Charles Alan Wright et al., *Federal Practice and Procedure* § 6304 (3d ed. Supp. 2011)).  The function of a court-appointed expert under FRE 706 is quite different from that of a special master.  *See In re Zyprexa*, 375 F. Supp. 2d 190, 192 (E.D.N.Y. 2005) ("[A plaintiff-discovery special master's] functions would be quite different from that of a court-appointed scientific expert under Rule 706 of the Federal Rules of Evidence . . . . A plaintiff-discovery special master would, in effect, utilize a hybrid quasi-administrative technique combined with traditional adversary proceedings.").

In his order, Judge Francis cited the Court's "inherent authority" to appoint Dr. Leone, in addition to Rule 53.  2014 Order at 2.  Judge Francis also limited Dr. Leone's role to the

5

collection and evaluation of facts related to particular provisions of the then-existing order -- a role typically served by a monitor, not a special master. *Id.* at 3. Similarly, in overruling City Defendants' objections to Judge Francis's order, the Court clarified that the source of its authority to appoint Dr. Leone was its "inherent authority" under FRE 706 in addition to Rule 53. Mem. Decision and Order (Doc. No. 207).

On March 31, 2016, the Court reappointed Dr. Leone, ordering that he "continue" as the Court's "expert and monitor." 2016 Order (Doc. No. 250). The Court did not cite a new source for its authority to appoint Dr. Leone, or expand the scope of Dr. Leone's monitoring functions. In fact, the Court's 2016 Order contemplated only motions for modification, reconsideration, enforcement, and termination of the order itself, not Rule 53 motions to review or adopt Dr. Leone's fact findings. *Id.* at 2-3. For the pendency of the 2016 Order, Dr. Leone performed only informal advisory and monitoring functions characteristic of a court-appointed monitor or FRE 706 expert, and remained responsible for "collecting and evaluating facts relating to the provision of educational services." 2014 Order at 3; 2016 Order at 2.

Dr. Leone's responsibilities are also far more limited than those of a typical Rule 53 Special Master. A Rule 53 Special Master is a "quasi-judicial officer[]" with extensive powers set forth in the text of Rule 53 itself. *Benjamin*, 343 F.3d at 45; Fed. R. Civ. P. 53(a). Examples of a Special Master's usual tasks are convening hearings "involving opening statements, the placing of documents into evidence, formal stipulations of fact, a court reporter, the swearing in of witnesses -- in short, effectively trial." *Id.* Where a monitor does not exercise such quasi-judicial power, but instead merely assists with the court's gathering of facts, that monitor is not a Rule 53 Special Master. *Id.*

6

Indeed, Dr. Leone was not tasked with exercising *any* quasi-judicial power. He was not responsible for convening hearings, placing documents into evidence, or otherwise exercising any quasi-judicial functions. The Court explicitly charged Dr. Leone with different and much more circumscribed responsibilities. As a result, there is no need for (and no basis upon which) Dr. Leone's findings should be "confirmed" as if he were a Rule 53 expert. To do so would improperly elevate Dr. Leone's reports to that of a Special Master, with the attendant deference, despite the fact he engaged in merely "informal advisory and monitoring functions." *Id.*

### IV. The Court Should Not Adopt Dr. Leone's Findings Without First Affording Plaintiffs an Opportunity to be Heard.

Even if the Court determines Dr. Leone is a Rule 53 Special Master (and clearly it should not), the City's motion would be premature. Rule 53 first requires the Court to resolve the factual objections the Plaintiffs have lodged to Dr. Leone's Second and Third Reports. Fed. R. Civ. P. 53(f)(3). Additionally, given the scope of the dispute about the relevance and validity of Dr. Leone's findings, the Court should afford Plaintiffs an opportunity to obtain discovery and for the Court to receive evidence at an evidentiary hearing before acting on Dr. Leone's Third Report. *See id.* at (f)(1). Alternatively, the Court could resubmit the Third Report to Dr. Leone and instruct him to supplement his findings. *Id.* As we made clear in our response to City Defendants' Motion to Terminate, Plaintiffs were entitled to discovery and a hearing to combat that Motion and demonstrate the existence of current and ongoing violations of their federal rights. Mem. of Law in Opp'n to Defs.' Mot. for Partial Termination of Prospective Relief (Doc. No. 278) ("Opp'n to Mot. to Terminate") at 7-8. The Court should reject City Defendants' runaround attempt to confirm Dr. Leone's Third Report based on an untested declaration without Plaintiffs having the same opportunity to marshal evidence.

7

A. The Court Should Decide *De Novo* Plaintiffs' Outstanding Objections to Dr. Leone's Second and Third Reports.

Per Rule 53(f)(3), the Court must decide *de novo* all objections to findings of fact and conclusions of law made or recommended by a master before acting on a special master's report, unless the parties, with the Court's approval, stipulate otherwise. Fed. R. Civ. P. 53(f)(3). The parties have not so stipulated, and Plaintiffs have not withdrawn their objections concerning the relevance and accuracy of Dr. Leone's findings. Objs. to Monitoring Reports. The Court must decide on these disputes before taking further steps. *See Peterson v. Islamic Republic of Iran*, No. 10-CV-4589, 2018 WL 3635356, at *1 (S.D.N.Y. July 30, 2018) ("In acting on a Special Master's report and recommendation, the Court is empowered to 'adopt or affirm, modify wholly or partly reject or reverse, or resubmit to the master with instructions.' Before doing so, however, the Court must 'give the parties notice and an opportunity to be heard.'") (internal citations omitted).

B. After Ruling on Plaintiffs' Objections, the Court should Grant Plaintiffs Discovery and a Hearing, or Resubmit the Third Report to Dr. Leone and Instruct Him to Supplement his Findings to Reflect Current Conditions.

We will not burden the Court with restating the factual posture of this case. *See* Opp'n to Mot. to Terminate; Objs. to Monitoring Reports. Most importantly for the purposes of the pending motion, all of Dr. Leone's findings concerning 16 and 17 year-old class members are now moot due to changed circumstances. Opp'n to Mot. to Terminate at 5; Objs. to Monitoring Reports at 11-12. Since Dr. Leone issued his Third Report, all 16 and 17 year-old class members have been transferred off Rikers Island and now reside in a new type of facility currently operated jointly by the Department of Correction (DOC) and Administration for Children's Services. While we hope that this will improve the educational services to these youth, Plaintiffs have had no independent access to information about the status of education programming for

8

these class members.  Dr. Leone did not report on City Defendants' plans for education for these students, and has not reported at all since City Defendants transferred these class members.

City Defendants now inexplicably move the Court to adopt Dr. Leone's most recent findings concerning 16 and 17 year-old class members despite their admission that these findings do not reflect current conditions in the new facility. *See* Mot. for Partial Confirmation at 3.  City Defendants argue that these findings are neither moot nor irrelevant and that the Court should simply "confirm" them and assess their probative value at a later date. *Id.*  As stated in Plaintiffs' Opposition to Defendants' Motion to Terminate—since withdrawn—Dr. Leone's Third Report cannot be relied upon as evidence of the City Defendants' compliance with the remedial order because it does not reflect current educational conditions for 16 and 17 year-old class members.  It is difficult to understand why City Defendants ask the Court to "confirm" these findings at this juncture.  To do so would run counter to the purpose of the monitoring process articulated by Judge Francis -- to promote the "speedy and efficient resolution of the . . . litigation."  Mem. Decision and Order (Doc. No. 207).  All parties agree that Dr. Leone's findings are now stale.  Instead of wasting its time evaluating Dr. Leone's stale findings, the court should instead hold a hearing to receive evidence regarding the current state of affairs, or resubmit this matter to Dr. Leone to do the same.  Fed. R. Civ. P. 53 (f)(1).

For similar reasons, the Court should not adopt Dr. Leone's findings concerning 18 to 21 year-old class members.  During the time Dr. Leone gathered facts, these class members were concentrated at the George Motchan Detention Center ("GMDC") on Rikers Island, pursuant to a broader plan for managing the young adult population in the City's jails.  But last summer, after Dr. Leone's report, DOC closed GMDC and substantially revised its approach to young adult housing.  Most youth were transferred to a different Rikers jail, the Robert N. Davoren Complex

9

("RNDC"). Dr. Leone did not report on that planned transition and has not reported since the transition took place. The publicly available reports cited in our prior papers indicate that educational conditions at RNDC may be materially different from those at GMDC. Opp'n to Mot. to Terminate at 5, 11–12; Objs. to Monitoring Reports at 11–12. We have not, however, received discovery concerning the veracity of those public reports. Similarly, we have also raised several material disputes with Dr. Leone's findings concerning 18 to 21 year-old class members. These material disputes have not been resolved.

To support their motion for partial confirmation, City Defendants rely on evidence outside the Monitor's findings that is exclusively in City Defendants' control. Threadgill Declaration. The Threadgill Declaration contains untested assertions regarding the educational services available on Rikers Island. To be clear, the Threadgill Declaration has little to no probative value as it does not speak to *current* conditions for any class member. What the Threadgill Declaration does represent, however, is City Defendants' unique and lopsided ability to marshal evidence and discover facts. Fundamental fairness requires the Court to grant Plaintiffs discovery and a hearing to ensure Plaintiffs have a comparable ability to present evidence and rebut City Defendants' assertions.

In short, if this Court seeks to make factual findings under Rule 53, it should either grant Plaintiffs discovery and a hearing or resubmit the Third Report to Dr. Leone and instruct him to supplement his findings. Fed. R. Civ. P. 53(f)(1).

## V.     Conclusion

For the foregoing reasons, the Court should deny City Defendants' Motion for Partial Confirmation of Dr. Leone's Third Report and instead renew the 2016 Order and Dr. Leone's appointment as its expert for a new term of two years. If it chooses instead to make Rule 53 findings, it should first decide Plaintiffs' objections *de novo*, then either grant Plaintiffs

discovery and an evidentiary hearing or resubmit the Third Report to Dr. Leone with instructions to supplement his findings.

Dated:  New York, New York
        February 1, 2019

                                          Respectfully submitted,

                                          THE LEGAL AID SOCIETY
                                          PRISONERS' RIGHTS PROJECT

                                          _/s/ Stefen R. Short_

                                          Stefen R. Short
                                          Dori A. Lewis
                                          Mary Lynne Werlwas
                                          199 Water Street, Sixth Floor
                                          New York, New York  10038
                                          (212) 577-3530

                                          Roberto Finzi
                                          Daniel M. Stone
                                          PAUL, WEISS, RIFKIND, WHARTON, &
                                          GARRISON LLP
                                          1285 Avenue of the Americas
                                          New York, NY 10019-6064
                                          (212)  373-3000

                                          _Attorneys for Plaintiffs_