Civil Action No. 96 CV 6161 (GBD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZAKUNDA-ZE HANDBERRY, *et al.*,

Plaintiffs,

-against-

WILLIAM C. THOMPSON, *et al.*,

Defendants.

**CITY DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR PARTIAL CONFIRMATION OF THE SPECIAL MASTER'S THIRD REPORT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for City Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Janice Birnbaum*
*Tel: (212) 356-2085*
*Matter #: 96 GL 022066*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1

REPLY STATEMENT OF FACTS AND PROCEDURAL HISTORY..........................3

POINT ONE

    THE COURT SHOULD RULE ON CITY DEFENDANTS' MOTION................5

POINT TWO

    ALTHOUGH PLAINTIFFS ARE ENTITLED TO BE HEARD IN
    OPPOSITION TO CITY DEFENDANTS' MOTION, THEY ARE NOT
    PERMITTED TO EXPAND THE MOTION...........................................................8

CONCLUSION..........................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Benjamin v. Jacobson*,
  172 F.3d 144 (2d Cir. 1998) .................................................................................................. 2, 6

*Handberry v. Thompson*, 7219 F.Supp.2d 525 (S.D.N.Y. 2002), *aff'd in part,
  vacated in part and remanded in part,* 446 F.3d 335 (2d Cir. 2006) .................................. 4, 9

*Lachner v. City of New York*,
  20 F.Supp.2d 509 (E.D.N.Y. 1998) ............................................................................................ 6

*Lancaster v. Tilton*,
  2007 U.S. Dist. LEXIS 95523 (C.D. Cal. 2007) .................................................................. 2, 6

**Statutes**

Prison Litigation Reform Act ("PLRA") ........................................................................................ 5, 6

18 U.S.C. § 3626 ............................................................................................................................. 5

FRCP § 53 ....................................................................................................................................... 8

FRCP § 53(a)(1)(C) ........................................................................................................................ 7

FRCP § 53(b)(2)(A) ........................................................................................................................ 7

FRCP § 53(f) ............................................................................................................................... 1, 7

FRCP § 53(f)(1) ........................................................................................................................ 2, 3, 8

N.Y. Education Law § 3202(7) ...................................................................................................... 4

N.Y. Education Law § 3202(7)(a) .................................................................................................. 4

**Other Authorities**

8 NYCRR 118.1 .............................................................................................................................. 4

8 NYCRR 118.3(a) .......................................................................................................................... 4

8 NYCRR 118.5 ..........................................................................................................................4

9 NYCRR 7070.1........................................................................................................................4

9 NYCRR 7070.2(a)(1) ..............................................................................................................4

9 NYCRR 7070.2(a)(2) ..............................................................................................................4

9 NYCRR 7070.2(a)(3) ..............................................................................................................4

9 NYCRR 7070.4(b)(1) ..............................................................................................................4

9 NYCRR 7070.4(g).....................................................................................................................4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ZAKUNDA-ZE HANDBERRY, *et al.*,

                              Plaintiffs,

-against-

WILLIAM C. THOMPSON, JR., *et al.*,

                              Defendants.
------------------------------------------------------------------x

**96 CV 6161 (GBD)**

**CITY DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR PARTIAL CONFIRMATION OF THE SPECIAL MASTER'S THIRD REPORT**

## PRELIMINARY STATEMENT

Plaintiffs raise three meritless arguments in their opposition memorandum of law (ECF No. 298; "Plaintiffs' Opposition") to City Defendants'[1] motion for partial confirmation (ECF Nos. 293 to 295; "City Defendants' Motion") of Special Master Peter Leone's *Third Report on the Status of Education Services for Inmates Aged 16-21 at Rikers Island*, revised July 2018 ("Third Report" or "Report"; ECF No. 273-2). First, notwithstanding Dr. Leone's express reappointment as the Special Master in this Court's Order dated March 31, 2016 ("Order" or "Injunction Order"; ECF No. 250), Plaintiffs argue that Dr. Leone is more appropriately labeled a court-appointed expert or monitor, as opposed to a special master. For the sake of argument, assuming that is so, the label is irrelevant to whether the identified portions of the Report should be approved and confirmed. *See* Rule 53(f) of the Federal Rules of Civil Procedure ("FRCP); *see also,* Endorsed Joint Letter dated February 8, 2018 concerning objections and case management (ECF No. 265). As set forth in City's Defendants' Motion, Plaintiffs' objections to

---

[1] The City Defendants are the City of New York ("City") on behalf of its mayoral agency, the New York City Department of Correction ("DOC"), the New York City Board of Education ("BOE") now known as the New York City Department of Education ("DOE"), and a number of former DOC officials and the former members of BOE's board, all sued in their official capacity. These defendants are collectively referred to as the "City Defendants" throughout this reply memorandum of law.

the Third Report are without merit, because the Report is factually supported and well-reasoned. If there are any findings that the Court determines need to be further fleshed out (which City Defendants do not believe to be the case), the Court may resubmit those portions to Dr. Leone with instructions. FRCP § 53(f)(1).

Plaintiffs' second argument is that the Report is stale and therefore irrelevant because the period it covers ended on March 31, 2018; in July 2018, DOC closed the George Motchan Detention Center ("GMDC"), the Rikers Island jail that had the largest DOE school area for 18-21 year old eligible inmates up to that point, resulting in GMDC class members being housed in other jails; and in October 2018, adolescent class members were moved off Rikers Island to the Horizon Juvenile Center, a secure detention facility in the Bronx ("Horizon"). None of these facts, individually or together, is sufficient to defeat City Defendants' Motion. Courts addressing the evidentiary weight to be given to such facts, including various types of reports, have repeatedly observed that by definition the evidence will be in the past. That does not make the evidence stale and/or irrelevant. *Lancaster v. Tilton,* 2007 U.S. Dist. LEXIS 95523 at *17-19 (C.D. Cal. 2007) (Fact-finding conducted before termination motion and during prior 13-month period was relevant to assess current prison conditions); *accord, Benjamin v. Jacobson,* 172 F.3d 144, 166 (2d Cir. 1998). The weight to be given to the Report may be assessed when it is proffered, and the period covered by the Report may be taken into account when deciding whether prospective relief should terminate or continue. The motion before the Court, however, is *not* a motion to terminate or continue prospective relief – it is a motion to confirm portions of the Special Master's Third Report. The City Defendants worked hard to bring themselves into compliance. To the extent that Dr. Leone found them in substantial compliance during the monitored period, they are entitled to have those portions of his Third Report confirmed. As

noted above, if the Court finds that it needs additional evidence concerning any of those portions, it may resubmit the Report to Dr. Leone with instructions so that he may further flesh out his findings and the reasons for them – a procedure that even Plaintiffs concede is appropriate.

Third, Plaintiffs are mistaken when they assert that they entitled to discovery of current conditions to address City's Defendants' motion. They are entitled to an opportunity to be heard on City Defendants' Motion, but not to rewrite it or to discovery. FRCP § 53(f)(1).

Finally, although City Defendants do not believe it necessary, City Defendants do not object to the Court asking Dr. Leone to do an additional report covering Spring 2019. However, that report would *not* be relevant to City Defendants' Motion concerning Dr. Leone's Third Report. Each report pertains to a different period of time.

Thus, for these reasons and those set forth in City Defendants' Motion, this Court should affirm Dr. Leone's findings in the Third Report of substantial compliance with the Injunction Order for the monitored period as to City Defendants in regard to adolescent eligible inmates and paragraph 3 of the Order, and as to DOE.

### REPLY STATEMENT OF FACTS AND PROCEDURAL HISTORY

Upon the joint recommendation of counsel for all parties, this Court appointed Dr. Peter Leone in 2014 as the special master (ECF Nos. 203, ¶3) to collect information and report to the Court on specifically identified topics. *Id.*, ¶6. Following Dr. Leone's report and counsel's submission of objections and comments to the report (*id.*, ¶8), Magistrate Judge Francis issued a report and recommendation in late 2015 (ECF No. 230), which was largely affirmed by this Court in its Order dated March 31, 2016 (ECF No. 250) ("Injunction Order" or "Order), pursuant to which Dr. Leone was re-appointed as the Special Master, and the court's monitor and expert, for a 2-year term and was charged to assess and report on the City Defendants' compliance with

the following five provisions:

Provision of Educational Services

1. All eligible inmates[2] shall be provided a minimum of 3 hours of educational services every school day.

2. Placement in a restricted housing unit does not change an eligible inmate's entitlement to educational services under any provision of this Order.

3. Unless stated explicitly to the contrary, any and all requirements set forth in this Order shall apply to all of the schools, educational programs, and methods of instruction operated by DOE in DOC facilities.

4. DOC shall ensure that each eligible inmate is provided access to educational services consistent with this Order in a timely manner, including if necessary providing escorts for travel to and from his or her place of educational instruction.

Special Education Services

5. Inmates who are disabled and identified as in need of special education or related services shall receive such services, including when placed in a restricted housing unit or method of instruction. If necessary, an Individualized Education Plan ("IEP") or Special Education Plan ("SEP") may be modified in accordance with 20 U.S.C. § 1414(d) and 34 C.F.R. § 300.324, consistent with legitimate penal objectives. In the event this occurs, such modifications shall be the least restrictive necessary to accommodate the security needs of the jail.

During the 2-year term, Dr. Leone issued three monitoring reports. ECF Nos. 257-1, 273-

---

[2] The class is composed of eligible inmates. An eligible inmate is someone who meets the following criteria:

a. is incarcerated at a correctional facility operated by the New York City Department of Correction ("DOC") (N.Y. Education Law § 3202(7), 8 NYCRR 118.1, 9 NYCRR 7070.1); and

b. has been incarcerated for ten or more calendar days, or in the judgment of the warden of the inmate's facility, is reasonably likely to be incarcerated for ten or more calendar days, plus an additional twelve school days (8 NYCRR 118.1, 118.3(a), 118.5, 9 NYCRR 7070.2(a)(3), 7070.4(b)(1), 7070.4(g)); and

c. has not received a high school diploma or its equivalent (8 NYCRR 118.1, 9 NYCRR 7070.2(a)(2)); and

d. is under 21 years of age on September 1 of the applicable school year (8 NYCRR 118.1, 9 NYCRR 7070(2)(a)(1)); and

e. if the inmate is 18-21 years of age, has indicated a desire to receive DOE-provided educational services while incarcerated at a DOC correctional facility (N.Y. Education Law § 3202(a).

See *Handberry v. Thompson*, 219 F.Supp.2d 525, 546 (S.D.N.Y. 2002), *aff'd in part, vacated in part and remanded in part*, 446 F.3d 335 (2d Cir. 2006); *see also*, Declaration of Timothy Lisante dated October 12, 2007 ("Lisante Decl."), Ex. A (Education Plan) at 2 (Docket #172).

4

1, and 273-2. He assessed City Defendants' compliance with the above five provisions in each report. His Third Report, as revised, was issued on July 2, 2018 (ECF No. 273-2). It covers the period ending on March 31, 2018. *Id.* Although it focuses on the 2017-18 school year, it also includes summary material of his work and findings throughout the 2-year period. *Id.*

On September 28, 2018, City Defendants moved to terminate prospective relief as to adolescent eligible inmates and DOE, based on the findings in the Third Report that City Defendants were in substantial compliance as to adolescents and as to those portions of the Order that pertained to DOE. ECF Nos. 271-2. In their opposition to the motion to terminate, Plaintiffs argued that the report was premature because they had not been given the opportunity to submit objections to the Third Report. For that reason as well as others, City Defendants withdrew their motion (ECF No. 288) and on December 18, 2018, they moved to have this Court adopt and confirm the Third Report's findings of substantial compliance under the Order for the monitoring period ending on March 31, 2018, (1) as to City Defendants in regard to adolescent eligible inmates; (2) as to City Defendants in regard to paragraph three (actually DOC, since DOE is not involved in implementing this paragraph), and (3) as to DOE. (ECF Nos. 293 to 295). Plaintiffs filed their opposition on February 1, 2019 (ECF No. 298), and City Defendants now submit this reply memorandum of law to address Plaintiffs' opposition arguments.

**POINT ONE**

**THE COURT SHOULD RULE ON CITY DEFENDANTS' MOTION**

The point of Plaintiffs' opposition is to deny City Defendants the benefit of the substantial compliance findings made by the Special Master. At a minimum those finding are relevant to and provide substantial support to City Defendants' compliance position, should they make a motion in the future to terminate prospective relief under 18 U.S.C. § 3626 of the Prison

Litigation Reform Act ("PLRA"), particularly as to the areas covered by City Defendants' Motion. The findings will support City Defendants' anticipated showing that there are no current violations of federal law in regard to (a) adolescents, (b) DOC's procedures for transferring young adult eligible inmates who, after remand to DOC custody, opt to receive DOE-provided educational services while incarcerated (Order, ¶3), and (c) DOE in regard to the obligations applicable to it. Thus, a future motion to terminate by City Defendants, coupled with the Third Report's substantial compliance findings, would support a showing that City Defendants' substantial compliance in the outlined areas is continuous and long-standing – and therefore is not a fluke. To the extent that Plaintiffs suggest otherwise, the evidence on which they rely occurred outside the period covered by the Third Report, and as to adolescent eligible inmates, is solely based on inadmissible hearsay. *Lachner v. City of New York*, 20 F.Supp.2d 509, 519 (E.D.N.Y. 1998). As to young adults, Plaintiffs point to the closure of GMDC with its school dorms, and the subsequent transfer to other jails of all GMDC inmates. including approximately 120 inmates registered for East River Academy ("ERA"), DOE's school program for eligible inmates. Report, p.7  Nothing in any order or statute entitles Plaintiffs to school dorms, let alone the continued operation of a specific jail. Moreover, Plaintiffs' statistics for GMDC do not apply to eligible inmates registered for ERA. The statistics are not even limited to inmates who are 18-21 years of age. Hence, they are not material to any claim and are irrelevant.

Furthermore, courts that have looked at the question of staleness in regard to the evidence (or lack of evidence) of current violations sufficient to continue (or terminate) prospective relief under the PLRA recognize that, by definition, the evidence presented will be retrospective. *Lancaster v. Tilton,* 2007 U.S. Dist. LEXIS 95523 at *17-19 (C.D. Cal. 2007) (Fact-finding

conducted before termination motion and during prior 13-month period were relevant to assess current prison conditions); *accord, Benjamin v. Jacobson,* 172 F.3d 144, 166 (2d Cir. 1998).

Moreover, regardless of whether Dr. Leone functions more like a trial special master or a court-appointed expert, there is no dispute that he was charged with monitoring and reporting on City Defendants' compliance with the five monitoring provisions of the Order, and that the parties were accorded the opportunity to make motions as well as objections and responses to the Special Master's reports. ECF No. 265 (Parties' so-ordered joint proposal, ¶2, "A party's objections, motions and/or responses (collectively "Responses") to the Second and/or Third Reports may be combined into one set of papers.")[3] Dr., Leone's appointment falls squarely within FRCP §§ 53(a)(1)(C) and (b)(2)(A) ("A court may appoint a master only to . . . (C) address . . . posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district" and the appointment order may include investigative duties.) Moreover, City Defendants' Motion is expressly permitted by FRCP § 53(f) (A party may file a motion to adopt a master's report) as well as the parties' so-ordered joint proposal (ECF No. 265).

In every report, Dr. Leone made findings concerning City Defendants' compliance with the five monitoring provisions in the Order – as he was charged by the Court to do. If City Defendants cannot rely on his findings, both favorable and unfavorable, then there is no purpose in having him monitor.

Finally, it would be fundamentally unfair to City Defendants to deny them the recognition they have earned by bringing themselves into substantial compliance as outlined

---

[3] This procedure is in accord with prior practice in this case. *See, e.g.,* ECF No. 203 at ¶8.

above. If the Court requires additional proof beyond that set out in Dr. Leone's Third Report and/or in the Declaration of Tonya Threadgill dated December 18, 2018 (ECF No. 295) (as expressly permitted by FRCP § 53(f)(1)),[4] it may resubmit the Report to Dr. Leone with instructions. FRCP § 53(f)(1). However, the Court should rule on City Defendants' motion and affirm, adopt, confirm and approve the portions of the Third Report that found the City Defendants in substantial compliance as to adolescents and paragraph 3 of the Order; and that found DOE in substantial compliance with the obligations under its control.

## POINT TWO

### ALTHOUGH PLAINTIFFS ARE ENTITLED TO BE HEARD IN OPPOSITION TO CITY DEFENDANTS' MOTION, THEY ARE NOT PERMITTED TO CHANGE THE MOTION

City Defendants acknowledge that Plaintiffs are entitled to be heard on their objections to Dr. Leone's Third Report – just as City Defendants are entitled to be heard on why the portions of the Report should be adopted and confirmed. ECF No. 265, ¶2; FRCP § 53(f)(1). That does not mean that the Court or the Plaintiffs are empowered to alter or expand the scope of City Defendants' motion to include periods not covered by Dr. Leone's Third Report. Nor does it entitle Plaintiffs' counsel to discovery on current conditions. Nothing in the Court's order or in FRCP § 53 contemplates additional discovery to respond to a motion to affirm a special master's report. Moreover, one of the reasons for Dr. Leone's appointment – an appointment that was jointly recommended – was to eliminate squabbling over discovery. This protocol began in

---

[4] The Threadgill Declaration provides the Court with class schedules and the like, and in particular, confirms that adolescent eligible inmates in Second Chance Housing were provided by DOE with a minimum of three hours of education each school day during the period ending on March 31, 2018. Plaintiffs raised this issue in their Objections, because Dr. Leone did not directly observe the education provided to adolescents in Second Chance Housing, as he did for three other types of housing areas that provide more intense supervision for adolescents. *See* Third Report at p. 8. None of these units is a restricted housing unit.

2000, when Plaintiffs' counsel asked that the Court appoint Dr. Meisel as the court monitor and grant them permission to take discovery. Judge Motley appointed Dr. Meisel and denied Plaintiffs' request for discovery as well as their proposed 37-page injunction. *Handberry v. Thompson,* 219 F.Supp.2d 525, 530-1 (S.D.N.Y. 2002).[5]

This procedure has been utilized throughout this case. It has been practical and fair to the parties. To be sure, Dr. Leone has requested data and answers to questions that have required significant, time-intensive work as well as significant document production by City Defendants. However, the process has minimized the intrusion on the jails (and now Horizon Juvenile Center) and the DOE school programs in those facilities.

Further, both Parties have had access to Dr. Leone to raise their concerns. Dr. Leone investigated those concerns and included the results of his investigations in his reports. *See e.g., Second Report on the Status of Education Services for Youth Aged 16-21 at Rikers Island* (ECF No. 273-1), at pages 3, 4, 15-17 (Special Master's discussion of issues raised by Plaintiffs' counsel in correspondence dated February 17, 2017) and at pages 4, 17-20 (Special Master's discussion of issues raised by City Defendants' counsel in correspondence dated November 16,

---

[5] In her 2002 decision concerning the original injunction (which was largely vacated by the Second Circuit in 2006), Judge Motley noted that in June 2000, she approved City Defendants' Education Plan for the Rikers Island Academies and appointed Dr. Sheri Meisel for a 1-year term to observe and report on the plan. Thereafter, the Court heard from the parties on Dr. Meisel's report. In response to the Plaintiffs' submission, Judge Motley stated:

> Plaintiffs have submitted a highly detailed, thirty seven page Proposed Order which, to be blunt, approaches a policies and procedures manual in its depth and detail. Plaintiffs claim that such intrusiveness is necessary to ensure that the class members' rights are vindicated.
>
> On April 12, 2002, the court heard the parties on their proposed modifications to the Education Plan, and the court permitted defendants to file post-argument replies. For the reasons stated in this opinion, the court will order several modifications to the original Education Plan. The court, however, is not inclined to engage in the sort of micromanaging that plaintiffs have proposed. Finally, the court would be remiss if it failed to note that significant improvements have been made at Rikers Island over the past six years with regard to the educational services provided to class members.

*Handberry,* 219 F.Supp.2d at 530-1, aff'd in part, vacated in part, remanded in part, 446 F.3d 335 (2d Cir. 2006).

2017). In addition, there have been email exchanges between the Special Master and counsel concerning various issues and specific students, including confirmation of the Special Master's interviews of specific students, as well as in person meetings[6] to discuss monitoring and other issues in this case.

Thus, if any additional facts are needed to rule on City Defendants' Motion, the Court should resubmit those areas with the Court's questions/instructions to Dr. Leone, as he is the person in the best position to respond. Indeed, Plaintiffs make this suggestion in their papers.

## CONCLUSION

For the reasons set forth in this reply memorandum of law and in City Defendants' Motion, this Court should adopt and confirm the Special Master's factual findings in the Third Report of substantial compliance with the Order as of the end of the monitoring period as applied to (a) adolescent eligible inmates; (b) DOE;[7] and (c) City Defendants as to paragraph 3 of the Order, (which really falls to DOC); and Plaintiffs' objections should be overruled.

Dated: New York, NY
       February 27, 2019

                        ZACHARY W. CARTER
                        Corporation Counsel for the City of New York
                        Attorney for City Defendants
                        100 Church St., Room 2-195
                        New York, NY  10007

                        By: _____
                              Janice Birnbaum, Senior Counsel

---

[6] In person meetings between the Special Master and counsel for the parties were held on August 3, 2016, and April 30, 2018.

[7] The Special Master's finding of substantial compliance with paragraph 5, which concerns special education requirements, falls to DOE exclusively. The City Defendants request that the Court find DOE in substantial compliance with all of its obligations including paragraph 5.